UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL S. GORBEY, #33405-013,

    Petitioner,

v.                                                       ACTION NO. 2:18cv110

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

    This matter is before the Court on Virginia inmate, Michael S. Gorbey's ("Gorbey"), *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and respondent's motion to dismiss. ECF Nos. 1, 13. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 13, be **GRANTED**, and Gorbey's petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

    **I.**     **FACTUAL AND PROCEDURAL HISTORY**

    On January 10, 2018, Gorbey submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Gorbey challenges his misdemeanor possession of marijuana conviction, based on his guilty plea in the General District Court for Hanover County on January 10, 2007. *Id.* at 1. Gorbey was sentenced the same day to time served. *Id.*

On September 15, 2016, Gorbey filed a "petition for writ of corum nobis-vobis" in the General District Court for Hanover County. ECF No. 15-1. The general district court denied the petition on September 22, 2016, stating "No grounds to reopen case met; no jurisdiction. Appeal period expired." *Id.* at 1. Gorbey's appeal of the decision to the Circuit Court for Hanover County was dismissed on October 13, 2016, and his appeal to the Supreme Court of Virginia was refused on July 13, 2017. ECF Nos. 15-3, 15-4.

In his federal petition, Gorbey asserts: (1) he was denied effective assistance of counsel due to counsel's failure to conduct discovery and check Gorbey's prior record; (2) prosecutorial misconduct occurred when the prosecutor lied to the court indicating that Gorbey had a prior marijuana conviction; (3) he is actually innocent of the charge; and (4) the search and seizure leading to his conviction was illegal. ECF No. 1 at 5, 7–8, 10.

## II. ANALYSIS

### A. Gorbey is not "in custody" pursuant to the conviction he is challenging.

The Court lacks subject matter jurisdiction to consider Gorbey's petition attacking his possession of marijuana conviction because Gorbey was not in custody due to that conviction at the time he filed his petition. Section 2254 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). District courts only have subject matter jurisdiction over state habeas petitions filed when a petitioner is in custody pursuant to the challenged conviction. *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *see also Lyons v. Lee,* 316 F.3d 528, 532–33 (4th Cir. 2003) (denying certificate of appealability on the district court's dismissal of a habeas petition for lack

2

of subject matter jurisdiction where the petitioner was no longer in custody pursuant to the challenged conviction).

A petitioner need not be "physically confined in order to challenge his sentence on habeas corpus." *Maleng*, 490 U.S. at 491. Instead, "custody requires that a petitioner be subject to "restraints 'not shared by the public generally.'" *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara Cty.*, 411 U.S. 345, 351 (1973) (*quoting Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). For example, petitioners who are released on probation or parole are "in custody" for purposes of section 2254. *Jones*, 371 U.S. at 242–44. However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

At the time Maleng filed his habeas petition in 1985, the sentence had expired for the 1958 convictions he was attacking. *Id.* at 489. Although those convictions were used to enhance his sentences imposed in 1978, the Supreme Court held he was not "in custody" under the 1958 convictions. *Id.* at 492. "When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Id.* at 492–93. Similarly, Gorbey is no longer in custody for his 2007 conviction for the possession of marijuana, for which he was sentenced to "time served." ECF No. 1 at 1.

Gorbey makes two arguments in response to respondent's motion to dismiss his petition for failure to meet the "in cusody" requirement of section 2254: (1) that he remains in custody due to restrictions to his driving privileges resulting from the conviction; and (2) that his petition is actually a petition for a writ of error *coram nobis*, which does not require that he be in custody. ECF No. 17 at 2–4.

Gorbey argues he remains "in custody" on the possession of marijuana conviction due to certain restrictions the Virginia Department of Motor Vehicles ("DMV") has placed on his driving privileges as a result of the conviction. *Id.* at 2. Gorbey states that his driving privileges have been revoked for a six-month period that will not begin to run until after Gorbey has paid his court fines, paid a DMV fee, and attended a driving improvement clinic. *Id.* In support of his argument, Gorbey attaches a DMV compliance summary dated May 22, 2018. *Id.* at 15. This summary indicates restrictions were placed on Gorbey's driving privileges due to a "non-motor vehicle related conviction" in the Circuit Court of Fauquier County on January 10, 2003. *Id.* Gorbey has also provided the Court with a letter from the General District Court for Hanover County indicating that DMV's driving restrictions are "mandatory for a charge of Possession of Marijuana," but that he can petition the court for a restricted license if his license remains suspended upon his release from custody. ECF No. 18 at 5.

Gorbey's driving restrictions do not constitute custody for purposes of section 2254. *See Artis v. Roots*, No. 3:09cv794, 2010 WL 2976053, at *2 (E.D. Va. July 28, 2010) (holding restrictions on a petitioner's driving privileges following a conviction for driving under the influence of alcohol were "insufficiently burdensome to constitute 'custody' for habeas purposes"); *Whorley v. Brilhart*, 359 F. Supp. 539, 541–42 (E.D. Va. 1973) (holding that a ten-year loss of driving privileges did not constitute "custody"); *Harts v. Indiana*, 732 F.2d 95, 96–97 (7th Cir. 1984) (holding a suspension of driving privileges "is not the sort of severe restraint[ ] on individual liberty for which habeas corpus relief is reserved") (citation and quotation marks omitted).

Gorbey is not (and was not at the time he filed his federal petition) in custody pursuant to the 2007 conviction he is challenging in his petition. Consequently, this Court does not have subject matter jurisdiction to address Gorbey's petition.

B.  **A federal court cannot grant a writ of error *coram nobis* to correct a state court judgment.**

Gorbey next argues that he "is attacking the issues through coram nobis-vobis, which has no custody requirement." ECF No. 17 at 3. A writ of error *coram nobis* is "one of several common law writs historically available to those seeking post-judgment relief." *United States v. Poole*, 531 F.3d 263, 267 n.8 (4th Cir. 2008). Courts derive their power to issue writs of error *coram nobis* from the All Writs Act, which provides that courts "may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added); *see* Black's Law Dictionary (10th ed. 2014) (defining *coram nobis* as "[a] writ of error directed to a court for review *of its own judgment* and predicated on alleged errors of fact") (emphasis added).

Gorbey requests that his federal petition be construed as a writ of error *coram nobis* challenging the judgment of the General District Court for Hanover County. A writ of error *coram nobis* filed in federal court cannot be used to challenge a state court conviction. *See In Re: Egan*, 339 F. A'ppx 314, 315 (4th Cir. 2009) (holding "a writ of error *coram nobis* may not be used to set aside a state conviction"); *In Re: Shelton*, 1 F. App'x 149, 149 (4th Cir. 2001) (denying the petition for a writ of error *coram nobis* and holding the court lacked jurisdiction under § 1651(a) "to alter the judgment of a Virginia trial court"); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) (holding a writ of error "*coram nobis* . . . cannot issue under the instant proceeding . . . for the judgments are not in the court which Thomas has petitioned") (citations omitted); *Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) (holding federal "district courts

5

lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts") (collecting cases).

On September 15, 2016, over nine years after his conviction for possession of marijuana, Gorbey filed a "petition for writ of corum nobis-vobis" in the General District Court for Hanover County. ECF No. 15-1. The petition alleged similar grounds to those listed in the current federal petition. *Id.* at 3–5. The general district court denied the petition on September 22, 2011, stating "No grounds to reopen case met; no jurisdiction. Appeal period expired." *Id.* at 1. Gorbey's appeal of the decision to the Circuit Court of Hanover County was dismissed on October 13, 2016, and his appeal to the Supreme Court of Virginia was refused on July 13, 2017. ECF Nos. 15-3, 15-4. Gorbey filed a petition for a writ of error *coram nobis* in the appropriate jurisdiction, and the petition was denied. The Court should decline to construe Gorbey's federal petition as a petition for a writ of error *coram nobis* because such a petition filed in this Court cannot be used to challenge Gorbey's state court conviction.

The Court further **DENIES** Gorbey's request for an evidentiary hearing, because the Court may adequately resolve the issues presented based on the record and briefs. ECF No. 17 at 10, ECF No. 18. *See* Rules 7 and 8 of the Rules Gov. Section 2254 Cases in the U.S. Dist. Cts.

### III. RECOMMENDATION

Gorbey was not in custody on the 2007 possession of marijuana conviction when he filed his petition for a writ of habeas corpus, and this Court does not have subject matter jurisdiction over Gorbey's petition challenging that conviction. It is therefore **RECOMMENDED** that Gorbey's federal petition be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further **RECOMMENDED** that Gorbey's request to have his petition construed as a writ of error *coram nobis*, ECF No. 17 at 3, be **DENIED**.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based upon such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
April 23, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

>Michael S. Gorbey, #33405-013
>FCI Cumberland
>14601 Burbridge Rd. SE
>Cumberland, MD 21502

Fernando Galindo, Clerk

By _____
Deputy Clerk

April 23 , 2019